1

2

3

4

5

6

7

8

9

10

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

11

12

13

14

15

16

17

| | |
|---|---|
| JAY G. KIMPEL, | Case No. 08-CV-1734-LAB (JMA) |
| Plaintiff, | **REPORT AND RECOMMENDATION GRANTING DEFENDANTS' MOTION TO DISMISS** |
| v. | |
| CALIFORNIA DEPARTMENT OF CORRECTIONS, | **[Doc. 12]** |
| Defendants. | |

18    **I.      BACKGROUND**

19          In this prisoner civil rights case, Jay G. Kimpel ("Kimpel" or "Plaintiff") is

20    proceeding *pro se* and *in forma pauperis* ("IFP") pursuant to 42 U.S.C. § 1983 and 28

21    U.S.C. § 1915(a).  Kimpel commenced this action on September 22, 2008.  Doc. No. 1.

22    Kimpel alleges a condition of pain to his shoulder, neck and arm, and that Defendants

23    Dr. Walker and nurse practitioner Jayasundara (erroneously identified as a doctor)

24    violated his Eighth Amendment right to be free from cruel and unusual punishment by

25    wrongfully stopping Plaintiff's pain medication on December 15, 2007.  Compl. at 2-5.

26    Plaintiff seeks compensatory and punitive damages and injunctive relief.  Compl. at 7.[1]

27    _____

28          [1] Plaintiff indicated in his June 2, 2009 request for an extension [Doc. 17] that he was scheduled to be released in June, 2009. According to a notice of change of address he filed on August 20, 2009, he was incarcerated again on June 16, 2009 for a parole violation and is now at the County jail [Doc. 20]. As Plaintiff is no longer located at the Donovan Correctional

1    On May 1, 2009, Defendants Dr. Walker and Jayasundara moved to dismiss the

2    Complaint on the grounds that: (1) Plaintiff failed to properly allege deliberate

3    indifference, and (2) Defendant Jayasundara is immune from liability for actions taken in

4    his official capacity.  Doc. No. 12.  Plaintiff twice requested extensions of time to file his

5    opposition [Doc. Nos. 14, 17], both of which were granted [Doc. Nos. 15, 18]; however,

6    no opposition was filed.

7    This Report and Recommendation is submitted to United States District Judge

8    Larry A. Burns pursuant to 28 U.S.C. §636(b)(1) and Local Rule 72.3 of the United

9    States District Court for the Southern District of California.  After reviewing the Plaintiff's

10   Complaint, the exhibits to the Complaint and Defendants' Motion to Dismiss, the Court

11   recommends, for the reasons set forth below, that Defendants' Motion to Dismiss be

12   **GRANTED** and the Complaint be dismissed for failure to sufficiently allege deliberate

13   indifference.

14
     **II.    LEGAL STANDARDS ON DEFENDANTS' MOTION TO DISMISS UNDER
15          F.R.C.P. 12(b)(6)**

16   Defendants move to dismiss the Complaint pursuant to Fed. R. Civ P. 12(b)(6)

17   for failure to state a claim upon which relief can be granted.  Under Fed. R. Civ. P.

18   8(a)(2), a pleading must contain a short and plain statement of the claim that

19   demonstrates that the pleader is entitled to some relief.  The United States Supreme

20   Court observed in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), that

21   detailed factual allegations are not required under Rule 8.  However, the pleader cannot

22   merely state labels, legal conclusions or formulaic recitations of the elements of a cause

23   of action to withstand a Rule 12(b)(6) motion to dismiss (*Id.* at 557), and the court does

24   not have to accept as true any legal conclusions within a complaint, although

25   conclusions can help frame a complaint.  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950

26   (2009).

27   When evaluating a motion to dismiss, the court must accept as true all material

28
     _____

     Facility, his request for injunctive relief (*i.e.,* that Defendants Walker and Jayasundara be
     ordered to "stay away" from him) is moot.

08cv1734LAB

1  allegations in the complaint, as well as any reasonable inferences that may be drawn

2  from them, and must construe the complaint in the light most favorable to the plaintiff.

3  *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-38  (9th Cir. 1996); *Cedars-Sinai Med.*

4  *Ctr. v. Nat'l League of Postmasters*, 497 F.3d 972, 975 (9th Cir. 2007).  The court may

5  consider the facts alleged in the complaint, documents attached to the complaint,

6  documents incorporated by reference in the complaint, and matters of which the court

7  takes judicial notice.  *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).

8       Where a plaintiff appears *pro se*, the court must construe the pleadings liberally

9  and afford the plaintiff any benefit of the doubt.  *Karim-Panahi v. Los Angeles Police*

10  *Dep't*, 839 F.2d 621, 623 (9th Cir. 1988).  The rule of liberal construction is "particularly

11  important in civil rights cases."  *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992).

12  Nevertheless, and in spite of the deference the court is bound to pay to any factual

13  allegations made, it is not proper for the court to assume that "the [plaintiff] can prove

14  facts that [he] has not alleged."  *Associated General Contractors, Ind. v. California State*

15  *Council of Carpenters*, 459 U.S. 519, 526 (1983).  Moreover, a court may not "supply

16  essential elements of the claim that were not initially pled."  *Ivey v. Bd. of Regents*, 673

17  F.2d 266, 268 (9th Cir. 1982).

18       If a claim is dismissed because the complaint fails to allege essential facts, then

19  leave to amend the complaint should be granted along with the dismissal, "unless the

20  district court determines that the pleading could not possibly be cured by the allegation

21  of other facts."  *Bly-Magee v. California*, 236 F.3d 1014, 1019 (9th Cir. 2001).

22

23  **III.   PLAINTIFF FAILED TO PROPERLY ALLEGE AN EIGHTH AMENDMENT
          CLAIM FOR DELIBERATE INDIFFERENCE**

24

25       The Eight Amendment to the federal Constitution prohibits cruel and unusual

     punishment of inmates, and deliberate indifference to a prisoner's serious medical

26

     needs constitutes cruel and unusual punishment.  *Estelle v. Gamble*, 429 U.S. 97, 103

27

28  (1976).  To state a claim under the Eighth Amendment, "a prisoner must allege acts or

     omissions sufficiently harmful to evidence deliberate indifference to serious medical

08cv1734LAB

1   needs." *Id.* at 106.  To establish deliberate indifference, an inmate must allege facts to

2   indicate that prison officials acted with a culpable state of mind to inflict unnecessary

3   and wanton injury or pain. *Wilson v. Seiter*, 501 U.S. 294, 302 (1991); *Farmer v.*

4   *Brennan*, 511 U.S. 825, 834 (1994).

5       "Mere negligence in diagnosing or treating a medical condition, without more,

6   does not violate a prisoner's Eighth Amendment rights." *McGuckin v. Smith*, 974 F.2d

7   1050, 1059 (9th Cir. 1992), overruled on other grounds, *WMX Technologies,Inc. v.*

8   *Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997).  Mere inadequate treatment due to

9   malpractice, or even gross negligence, does not amount to a constitutional violation.

10  *Estelle*, 429 U.S. at 106, *Wood v. Housewright*, 900 F.2d 1332, 1334 (9th Cir. 1990).  "A

11  difference of opinion between a prisoner-patient and prison medical authorities

12  regarding treatment does not give rise to a § 1983 claim." *Franklin v. Oregon State*

13  *Welfare Div.*, 662 F.2d 1337, 1344 (9th Cir. 1981).  While deliberate indifference may

14  appear when prison officials deny, delay or intentionally interfere with medical

15  treatment, "the delay must have caused substantial harm." *Wood*, 900 F.2d at 1335.

16  Moreover, should a plaintiff establish that an official actually knew of a substantial risk to

17  an inmate's health or safety, if the official responded reasonably to the risk, the official is

18  not deliberately indifferent. *Farmer*, 511 U.S. at 844.

19      Here, Plaintiff alleges in his Complaint that he had severe pain in his neck,

20  shoulder and fingers due to nerve damage in his right hand and arm.  Compl. at 2-3.

21  Plaintiff claims that on December 15, 2007, Dr. Walker and nurse practitioner

22  Jayasundara wrongfully discontinued his prescription for his pain medication, Neurontin,

23  claiming that he was "faking it."  *Id.*  Plaintiff claimed that he suffered great pain for 11

24  months until he saw a different doctor, Dr. Hunt, who gave the appropriate test on

25  September 9, 2008, and prescribed Plaintiff Neurontin as a pain medication again. *Id.*

26      However, the exhibits that Plaintiff submitted in support of his Complaint

27  demonstrate that Plaintiff received numerous examinations and treatments throughout

28  2007 and 2008 and suggest that, at most, Plaintiff's allegations support a difference of

opinion between him and Defendants regarding the treatments (*i.e.* pain medication)

08cv1734LAB

1   given to Plaintiff.  For example, the Director's Level Appeal Decision dated July 15,

2   2008 reviews the numerous instances of examination, diagnosis and treatment Plaintiff

3   received.  Beginning on October 17, 2007, Plaintiff was seen by a primary care

4   physician for ultrasound testing of his abdomen -- Plaintiff was prescribed Neurontin for

5   three months, and prescribed Tylenol for his pain.  The next month, in November 2007,

6   Plaintiff was referred for labs and x-rays (the radiology report showed a normal lower

7   spine and hips) and Tylenol was continued.   Plaintiff consulted with his primary doctor

8   again in December 2007.

9       On January 14, 2008, Plaintiff's primary physician referred Plaintiff for multiple x-

10  ray studies of his left elbow, right shoulder and right elbow, including an MRI of his right

11  shoulder and lumbosacral area.  In February 2008, x-rays were taken of Plaintiff's right

12  hand, and he was referred to Orthopedics for his right fourth finger and was prescribed

13  Salsalate for pain.  In March, Plaintiff received an MRI of his right shoulder and was

14  prescribed Motrin for pain.

15      The allegation that Dr. Walker "cut off" Plaintiff's prescription for Neurontin on

16  December 15, 2007 is not supported by Plaintiff's exhibits.  The Outpatient Medication

17  Administration Record submitted by Plaintiff indicates that Plaintiff received prescription

18  orders for Neurontin from Dr. Ding through January 17, 2008.[2]  Further, Plaintiff's

19  allegation that Defendants accused Plaintiff of "faking" pain symptoms is not supported

20  by the prescription by Defendant Jayasundara for Salsalate for "pain" for the period of

21  February 25, 2008 to March 26, 2008, and Dr. Walker's previous prescription to Plaintiff

22  of Neurontin for the period May 14, 2007 to June 14, 2007.   Moreover, the list of

23  physicians prescribing medications to Plaintiff during the material time of the allegations

24  is extensive.  Plaintiff was not denied access to healthcare providers or prescription

25

26  _____

27      [2] The Outpatient Medication Administration Record submitted by Plaintiff indicates that
    Plaintiff was prescribed Neurontin on the following dates: June 2007 by Defendant Dr. Walker
    for the period May 14, 2007 to June 14, 2007; October 2007 by Dr. Ding for the period October
28  17, 2007 to January 17, 2008; November 2007 by Dr. Ding for the period of October 17, 2007
    to January 17, 2008; and January 2008 by Dr. Ding for the period of November or December
    16, 2007 to January 15, 2008.

08cv1734LAB

1   medications by Defendants.[3]

2       Plaintiff alleges that in August, 2008, he saw a Dr. Hunt who had Plaintiff tested

3   and apparently re-prescribed Neurontin.  Presumably, this refers to the

4   Electromyography Report by Dr. Ling in September 2008; Dr. Hunt is not identified on

5   any exhibit.  However, a "difference of opinion" regarding treatment does not give rise to

6   a § 1983 claim.  *Franklin,* 662 F.2d at 1344.  Indeed, this demonstrates that officials

7   continued to examine, diagnose and treat Plaintiff.  Therefore, Defendants' motion to

8   dismiss for failure to properly allege deliberate indifference is **GRANTED**.

9
10  **IV.     DEFENDANT JAYASUNDARA IS IMMUNE FROM SUIT FOR DAMAGES FOR ACTS TAKEN IN HIS OFFICIAL CAPACITY**

11      The Eleventh Amendment bars a prisoner's section 1983 claims for damages

12  against a state official sued in his official capacity.  42 U.S.C. § 1983;  *Will v. Michigan*

13  *Dep't of State Police*, 491 U.S. 58 (1989); *Hafer v. Melo,* 502 U.S. 21, 30 (1991); *Ashker*

14  *v. California Dep't of Corrections*, 112 F.3d 392, 394-95 (9th Cir. 1997). Plaintiff

15  identified and sued Defendant Jayasundara in both his individual and official capacity.

16  Compl. at 2.[4]  The Court accordingly recommends that the Court **GRANT** Defendants'

17  Motion to Dismiss on Eleventh Amendment grounds to the extent that Plaintiff seeks

18  monetary damages against Defendant Jayasundara in his official capacity.

19  **V.      CONCLUSION AND RECOMMENDATION**

20      For the reasons set forth above, the Court **RECOMMENDS** that Defendants'

21  motion to dismiss be **GRANTED** with leave to amend.

22      This Report and Recommendation is submitted to the Honorable Larry A. Burns,

23  United States District Judge, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Any

24  party may file written objections with the Court and serve a copy on all parties on or

25

26      [3] Plaintiff alleges that he tried to kill himself three times due to the pain he was suffering. Cplt. at 2.  Plaintiff submits various exhibits that indicate a history of substance abuse and

27  mental illness, a suicide attempt and at least one other threatened suicide attempt.  However, nothing in these exhibits establishes an objective serious deprivation of care or culpable state

28  of mind of the Defendants.

        [4] Plaintiff identified and sued Defendant Dr. Walker in his individual capacity only, not his official capacity. Cplt. at 2.

08cv1734LAB

before **September 24, 2009**.  The document should be captioned "Objections to Report

and Recommendation."  Any reply to the Objections shall be served and filed on or

before **October 5, 2009**.  The parties are advised that failure to file objections within the

specified time may waive the right to appeal the district court's order.  *Martinez v. Ylst*,

951 F.2d 1153 (9th Cir. 1991).

     **IT IS SO ORDERED**.

DATED:  August 25, 2009

Jan M. Adler
U.S. Magistrate Judge