# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAY G. KIMPEL,<br><br>                    Plaintiff,<br>   vs.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS, et al.,<br><br>                    Defendants. | CASE NO.  08CV1734-LAB (JMA)<br><br>**ORDER OVERRULING PETITIONER'S OBJECTIONS AND ADOPTING REPORT AND RECOMMENDATION** |

## I.     Introduction

This is a prisoner civil rights case.  Plaintiff Jay Kimpel alleges that prison doctors deprived him of pain medication and thereby subjected him to cruel and unusual punishment, in violation of the Eighth Amendment.  Kimpel filed a complaint against Defendants on September 22, 2008, and a first amended complaint on February 11, 2009.  (Doc. Nos. 1, 5.)

Pursuant to 28 U.S.C. § 636(b) and Civil Local Rules 72.1(c) and (d), Kimpel's complaint was referred to Magistrate Judge Jan Adler for a report and recommendation ("R&R").  Defendants moved to dismiss the complaint on May 1, 2009.  Judge Adler granted Kimpel two extensions to file an opposition brief, but he never filed one.  Judge Adler issued her R&R on August 25, 2009, recommending that Kimpel's complaint be dismissed because he failed to allege "deliberate indifference" to his medical needs, and at most alleged "a

difference of opinion" with Defendants regarding the appropriate method of medical care. (R&R, 2, 4.)

Kimpel filed an objection to the R&R on September 21, 2009 (Doc. No. 29), supplemental exhibits on October 6, 2009 (Doc. No. 32), and another objection on October 27, 2009 (Doc. No. 34). Defendants filed one reply on September 25, 2009 (Doc. No. 27) and an amended reply on September 29, 2009 (Doc. No. 30).

## II. Legal Standards

This Court has jurisdiction to review the R&R pursuant to Rule 72 of the Federal Rules of Civil Procedure. "The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district court may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3). The district judge "must review the magistrate judge's findings and recommendations de novo *if objection is made*, but not otherwise." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc).

Because Kimpel is a prisoner and is proceeding pro se, the Court construes his pleadings liberally and affords him the benefit of any doubt. *See Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988). That said, "[p]ro se litigants must follow the same rules of procedure that govern other litigants." *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).

## III. Kimpel's Request for Counsel

Kimpel asks for an attorney in both of his opposition briefs. The Supreme Court has held, however, that there is no right to counsel in civil cases. *See Lassiter v. Dep't of Soc. Serv.'s of Durham County, N.C.*, 452 U.S. 18, 25 (1981). In the habeas context, petitioners may be entitled to counsel if "the circumstances of a particular case indicate that appointed counsel is necessary to prevent due process violations," *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986), but no such circumstances are present here. Kimpel may benefit from an attorney's assistance, but that is not to say the interests of justice require that he be

represented. Kimpel has proven himself sufficiently able to file the requisite pleadings in this case and voice his grievances in an intelligible manner. His request for counsel is **DENIED**.

## IV. Discussion

Kimpel's grievance is rather straightforward. He has nerve damage on his right side and as a result suffers pain in his neck, shoulder, arm, and hand. He takes the medication Neurontin to deal with the pain. Kimpel alleges that on December 15, 2007, Defendants terminated his Neurontin prescription without good cause. A different doctor reinstated the prescription 11 months later, but in the meantime Kimpel was in unbearable pain and repeatedly tried to kill himself. For this, he seeks $25,000 in actual damages, $25,000 in punitive damages, and injunctive relief ordering Defendants to stay away from him. The request for injunctive relief is moot because Kimpel has been released from the prison where Defendants are employed. (In his first opposition brief, Kimpel noted that he would accept an apology from Defendants and $2,500 instead of the $50,000 he originally asked for.)

The R&R articulated very clearly the pleading standards that have emerged from *Bell Atlantic v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009), and it went on to explain what Kimpel must allege in order to state a claim for a violation of his Eighth Amendment rights. In short, only "deliberate indifference" to a prisoner's medical needs violates the Constitution. *Estelle v. Gamble*, 429 U.S. 97, 103 (1976). Kimpel may be of the opinion that Defendants were mistaken to terminate his Neurontin prescription, or even that they were negligent to do so. But that wouldn't amount to an Eighth Amendment violation. *See McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992); *see also Franklin v. Oregon State Welfare Div.*, 662 F.2d 1337 (9th Cir. 1981).

The Court has read and considered the objections to the R&R filed by Kimpel, and finds that they do not confront the conclusions of the R&R or, for that matter, Defendants' motion to dismiss. Kimpel simply reiterates his indignation at the manner in which Defendants allegedly treated him and provides more evidence and argument to the effect that he believes his Neurontin prescription shouldn't have been terminated. The downside

//

to this is that indignation is not an argument, and Kimpel doesn't show why his complaint, as pled, stated a claim upon which relief might be granted.

But there is an upside. The R&R recommended granting Defendants' motion to dismiss but *allowing* Kimpel to amend his complaint. The Court agrees with that recommendation. With the R&R in hand, and this Court's order adopting it, hopefully Kimpel has a better understanding of what facts he needs to allege in order for this Court to "draw the reasonable inference [Defendants are] liable for the misconduct alleged." *Iqbal*, 129 S.Ct. at 1937. Mr. Kimpel should understand that the underlying merits of his claim are *not* at issue in Defendants' motion to dismiss. The Court is not, at least now, rejecting the possibility that Defendants were deliberately indifferent to his nerve damage and related pain when they terminated his Neurontin prescription. The only issue is whether Kimpel's complaint states enough facts to "raise the right to relief above the speculative level." *Twombly*, 550 U.S. at 555. The R&R found that it does not, and this Court agrees. **Kimpel must file his amended complaint within 28 calendar days of the date he receives this order.**

Finally, Defendant Jayasundara is indeed immune from suit in his official capacity. The Defendants raised this point and the R&R affirmed it. To answer a question Kimpel raises in his complaint, this does not mean that Defendants "can do whatever they want and get away with it." Jayasundara can still be sued, but like Dr. Walker, only in his individual capacity. *Hafer v. Melo*, 502 U.S. 21, 30 (1991).

**IT IS SO ORDERED**.

DATED: February 4, 2010

*Larry A. Burns*

**HONORABLE LARRY ALAN BURNS**
United States District Judge