# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

JAY KIMPEL,
CDCR #V-01627,

                    Plaintiff,

vs.

ROBERT WALKER, Doctor;
P. JAYASUNDARA, Doctor,

                    Defendants.

Civil No.   08-1734 LAB (JMA)

**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT PURSUANT TO FED.R.CIV.P. 12(b)(6)**

**[Doc. No. 42]**

## I.   PROCEDURAL BACKGROUND

Jay Kimpel ("Plaintiff"), a prisoner currently incarcerated at the Richard J. Donovan Correctional Facility located in San Diego, California, proceeding pro se and *in forma pauperis* ("IFP") has filed a civil rights action pursuant to 42 U.S.C. § 1983.

Defendants Walker and Jayasundara ("Defendants") have filed a Motion to Dismiss Plaintiff's Second Amended Complaint ("SAC") pursuant to FED.R.CIV.P. 12(b)(6) [Doc. No. 42]. Plaintiff filed his Opposition on April 29, 2010 [Doc. No. 43] to which Defendants have filed their Reply [Doc. No. 44].

The Court has determined that Defendants' Motion is suitable for disposition upon the papers without oral argument and that no Report and Recommendation from Magistrate Judge Jan M. Adler is necessary. *See* S.D. CAL. CIVLR 7.1(d)(1), 72.3(e).

## II.     PLAINTIFF'S FACTUAL ALLEGATIONS

On December 15, 2007, while incarcerated at the Richard J. Donovan Correctional Facility ("RJDCF") Plaintiff sought medical treatment for "unbearable pain." (*See SAC at 1, 3.*) Plaintiff claims that he was examined by Defendants Walker and Jayasundara who refused to renew pain medication that had been prescribed for him by a different doctor. (*Id.*) Plaintiff claims that Defendants told him he was "faking it" and denied him any treatment. (*Id.*)

Several months later, Plaintiff was being examined by Dr. Hunt[1] on June 24, 2008. (*Id. at 4.*) Plaintiff claims that Defendant Jayasundara interrupted this examination and told Dr. Hunt that Plaintiff was a "big faker." (*Id.*)   On July 7, 2008, Plaintiff alleges that Defendant Jayasundara refused to provide a wrist brace for Plaintiff that was ordered by Dr. Hunt. (*Id. at 5.*)

## III.     DEFENDANTS' MOTION TO DISMISS

### A.     Defendants' Arguments

Defendants seek dismissal of Plaintiff's Second Amended Complaint pursuant to Rule 12(b)(6) on the ground that Plaintiff has failed to allege facts sufficient to show that any of them acted with deliberate indifference to his serious medical needs in violation of the Eighth Amendment.

### B.     FED.R.CIV.P. 12(b)(6) Standard of Review

A Rule 12(b)(6) dismissal may be based on either a "'lack of a cognizable legal theory' or 'the absence of sufficient facts alleged under a cognizable legal theory.'" *Johnson v. Riverside Healthcare System, LP*, 534 F.3d 1116, 1121-22 (9th Cir. 2008) (quoting *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990)).   In other words, the plaintiff's complaint must provide a "short and plain statement of the claim showing that [he] is entitled to relief." *Id.* (citing FED.R.CIV.P. 8(a)(2)). "Specific facts are not necessary; the statement need only give the defendant[s] fair notice of what ... the claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 127 S. Ct. 2197, 2200 (2007) (internal quotation marks omitted).

---

[1] Dr. Hunt is not a named Defendant in this matter.

A motion to dismiss should be granted if plaintiff fails to proffer "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. ----, 129 S.Ct. 1937, 1949 (2009) .

In addition, factual allegations asserted by pro se petitioners, "however inartfully pleaded," are held "to less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519-20 (1972). Thus, where a plaintiff appears in propria persona in a civil rights case, the Court must construe the pleadings liberally and afford plaintiff any benefit of the doubt. *See Karim-Panahi v. Los Angeles Police Dept.*, 839 F.2d 621, 623 (9th Cir. 1988).

Nevertheless, and in spite of the deference the court is bound to pay to any factual allegations made, it is not proper for the court to assume that "the [plaintiff] can prove facts which [he or she] has not alleged." *Associated General Contractors of California, Inc. v. California State Council of Carpenters*, 459 U.S. 519, 526 (1983). Nor must the court "accept as true allegations that contradict matters properly subject to judicial notice or by exhibit" or those which are "merely conclusory," require "unwarranted deductions" or "unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir.) (citation omitted), *amended on other grounds*, 275 F.3d 1187 (9th Cir. 2001); *see also Ileto v. Glock Inc.*, 349 F.3d 1191, 1200 (9th Cir. 2003) (court need not accept as true unreasonable inferences or conclusions of law cast in the form of factual allegations).

C.     **Eighth Amendment Inadequate Medical Treatment Claims**

Defendants seek dismissal of Plaintiff's Second Amended Complaint on grounds that he has failed to plead facts to show the deliberate indifference required to support an Eighth Amendment violation. (*See* Defs.' P&A's at 17-20.)

/ / /

/ / /

/ / /

/ / /

1     **1.      Standard of Review**

2          To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison

3     conditions must involve "the wanton and unnecessary infliction of pain." *Rhodes v. Chapman*,

4     452 U.S. 337, 347 (1981).  A prisoner's claim of inadequate medical care does not rise to the

5     level of an Eighth Amendment violation unless (1) "the prison official deprived the prisoner of

6      the 'minimal civilized measure of life's necessities,'" and (2) "the prison official 'acted with

7     deliberate indifference in doing so.'" *Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004)

8     (quoting *Hallett v. Morgan*, 296 F.3d 732, 744 (9th Cir. 2002) (citation omitted)).  Before it can

9     be said that a prisoner's civil rights have been abridged, "the indifference to his medical needs

10    must be substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support

11    this cause of action."  *Broughton v. Cutter Laboratories*, 622 F.2d 458, 460 (9th Cir. 1980)

12    (citing *Estelle v. Gamble*, 429 U.S. 97, 105-06 (1976)).  "[A] complaint that a physician has been

13    negligent in diagnosing or treating a medical condition does not state a valid claim of medical

14    mistreatment under the Eighth Amendment.   Medical malpractice does not become a

15    constitutional violation merely because the victim is a prisoner."  *Estelle*, 429 U.S. at 106; *see*

16    *also Anderson v. County of Kern*, 45 F.3d 1310, 1316 (9th Cir. 1995).

17         A prison official does not act in a deliberately indifferent manner unless the official

18    "knows of and disregards an excessive risk to inmate health or safety." *Farmer v. Brennan*, 511

19    U.S. 825, 834 (1994).  Deliberate indifference may be manifested "when prison officials deny,

20    delay or intentionally interfere with medical treatment," or in the manner "in which prison

21    physicians provide medical care." *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992),

22    *overruled on other grounds, WMX Techs., Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997)

23    (en banc).  Where a prisoner alleges delay in receiving medical treatment, he must show that the

24    delay led to further harm.  *Id.* at 1060 (citing *Shapely v. Nevada Bd. of State Prison Comm'rs*,

25    766 F.2d 404, 407 (9th Cir. 1985)).

26    / / /

27    / / /

28    / / /

### 2.        Application to Plaintiff's Allegations

"Deliberate indifference is a high legal standard." *Toguchi*, 391 F.3d at 1060.  "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'"  *Id*. at 1057 (quoting *Farmer*, 511 U.S. at 837).  "'If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.'"  *Id.* (quoting *Gibson v. County of Washoe, Nevada*, 290 F.3d 1175, 1188 (9th Cir. 2002)).

Plaintiff alleges that on December 15, 2007 Defendant Walker refused to renew Plaintiff's prescription for the pain medication Neurontin.  (*See* SAC at 3.)  Plaintiff further claims that Defendant Walker accused him of "faking" his pain.  (*Id.*)  These are the only allegations against Defendant Walker.  Plaintiff also alleges that Defendant Jayasundara accused him of "faking" his pain and refused to order a wrist brace for Plaintiff that Dr. Hunt had prescribed.  When considering whether a prison official has acted with deliberate indifference, the court must focus on the seriousness of the prisoner's medical needs and the nature of each defendant's response to those needs.  *See McGuckin*, 974 F.2d at 1059.  Here, it is not at all clear from Plaintiff's factual allegations that he had a "serious medical need."  While he complains of muscle pain, his allegations are vague at best.

The Court has reviewed Plaintiff's allegations and exhibits, and finds no facts sufficient to show that either Defendant  acted with deliberate indifference to Plaintiff's serious medical needs simply by allegedly failing to provide him with the medication he believed he needed or the wrist brace.  It is well-settled that a difference of opinion between a physician and a prisoner concerning the appropriate course of treatment does not amount to deliberate indifference.  *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996).  Even when medical officials disagree as to the proper course of treatment, deliberate indifference is only shown when the prisoner can show that "the course of treatment the doctors chose was medically unacceptable under the circumstances," and that "they chose this course in conscious disregard of an excessive risk to [the prisoner's] health."  *Id.* at 332.

1    In his Opposition to Defendants' Motion, Plaintiff claims that he has alleged facts

2 sufficient to state an Eighth Amendment claim and argues that the Court should liberally

3 construe his Second Amended Complaint. (*See* Pl.'s Opp'n at 7.)  Liberal construction does not

4 require the Court to consider facts alleged in the Opposition that are not contained in the body

5 of the pleading itself.  *See Associated General Contractors of California, Inc.*, 459 U.S. at 526.

6 Moreover, the Court previously found that the allegations contained in his previously filed First

7 Amended Complaint were deficient to state an Eighth Amendment claim and yet, Plaintiff

8 alleges even fewer facts in his Second Amended Complaint.  This is despite the fact that the

9 Court informed him that he must take heed of the Court's instructions to correct the deficiencies

10 of pleading identified by the Court.  (*See* Feb. 8, 2010 Order at 3-4.)

11    Here, the Court finds that Plaintiff has failed to allege any facts that would demonstrate

12 deliberate indifference on the part of Defendants Walker or Jayasundara   Accordingly,

13 Defendants' Motion to Dismiss Plaintiff's Second Amended Complaint pursuant to FED.R.CIV.P.

14  12(b)(6) is **GRANTED**.

15 IV.    **MOTION FOR LEAVE TO FILE AMENDED COMPLAINT PURSUANT TO FED.R.CIV.P. 15**

16    In Plaintiff's Opposition to Defendants' Motion, he requests that the Court provide him

17 leave to file a Third Amended Complaint in order add a conspiracy cause of action pursuant to

18 42 U.S.C. § 1985(3). (*See* Pl.'s Opp'n at 9.)   The Court construes this to be a Motion for Leave

19 to File a Third Amended Complaint pursuant to FED.R.CIV.P. 15(a).  Under Rule 15(a), a party

20 may amend his pleading "once as a matter of course" only if it is within certain time frames.

21 FED. R. CIV. P. 15(a).  Otherwise, a  party may amend only by leave of the court or by written

22 consent of the adverse party.  *Id.*  Leave to amend under FED. R. CIV. P. 15(a) "shall be freely

23 given when justice so requires," therefore the decision to grant leave to amend is one that rests

24 in the sound discretion of the trial court.  *International Ass'n of Machinists & Aerospace

25 Workers v. Republic Airlines*, 761 F.2d 1386, 1390 (9th Cir. 1985).  This discretion must be

26 guided by the strong federal policy favoring the disposition of cases on the merits and permitting

27 amendments with "extreme liberality." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th

28 Cir. 1987).

1    Courts generally consider four factors in determining the propriety of a motion for leave

2  to amend:  bad faith, undue delay, prejudice to the opposing party, and futility of amendment.

3  *Roth v. Garcia Marquez*, 942 F.2d 617, 628 (9th Cir. 1991).  Here, while the Court finds no

4  evidence that Plaintiff seeks leave to file a Third Amended Complaint in bad faith or for

5  purposes of undue delay, it does appear that it would be futile to add conspiracy claims to this

6  action.

7    "To state a cause of action under § 1985(3), a complaint must allege (1) a conspiracy,

8  (2) to deprive any person or a class of persons the equal protection of the laws, or of equal

9  privileges and immunities under the laws, (3) an act by one of the conspirators in furtherance of

10  the conspiracy, and (4) a personal injury, property damage or a deprivation of any right or

11  privilege of a citizen of the United States."  *Gillespie v. Civiletti*, 629 F.2d  637, 641 (9th Cir.

12  1980); *see also Griffin v. Breckenridge*, 403 U.S. 88, 102-03 (1971); *Sever v. Alaska Pulp Corp.*,

13  978 F.2d 1529, 1536 (9th Cir. 1992).   "[T]he language requiring intent to deprive *equal*

14  protection . . . means that there must be some racial, or perhaps otherwise class-based, invidiou

15  bvsly discriminatory animus behind the conspirators' action."  *Griffin*, 403 U.S. at 102; *see also*

16  *Sever*, 978 F.2d at 1536.

17    Here, Plaintiff fails to allege anywhere in his Opposition a  membership in  a protected

18  class and fails to allege that any Defendant acted with class-based animus, both of which are

19  essential elements of a cause of action under 42 U.S.C. § 1985(3).  *See Griffin*, 403 U.S. at

20  101-02; *Schultz v. Sundberg*, 759 F.2d 714, 718 (9th Cir. 1985) (holding that conspiracy plaintiff

21  must show membership in a judicially-designated suspect or quasi-suspect class); *Portman v.*

22  *County of Santa Clara*, 995 F.2d 898, 909 (9th Cir. 1993).

23    Accordingly, Plaintiff's Motion for Leave to File a Third Amended Complaint is

24  **DENIED** pursuant to FED.R.CIV.P. 15(a).

25  **V.    CONCLUSION AND ORDER**

26    Based on the foregoing, the Court hereby:

27  / / /

28  / / /

1    **GRANTS** Defendants' Motion  to Dismiss all claims against them found in Plaintiff's

2  Second Amended Complaint pursuant to FED.R.CIV.P. 12(b)(6) [Doc. No. 42] and **DENIES**

3  Plaintiff's Motion for Leave to File a Third Amended Complaint.   Moreover, because the Court

4  finds amendment of Plaintiff's § 1983 claims would be futile at this time, leave to amend is

5  **DENIED.**   *See Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 339 (9th Cir. 1996) (denial of a

6  leave to amend is not an abuse of discretion where further amendment would be futile); *see also*

7  *Robinson v. California Bd. of Prison Terms*, 997 F. Supp. 1303, 1308 (C.D. Cal. 1998) ("Since

8  plaintiff has not, and cannot, state a claim containing an arguable basis in law, this action should

9  be dismissed without leave to amend; any amendment would be futile.") (citing *Newland v.*

10  *Dalton*, 81 F.3d 904, 907 (9th Cir. 1996)).

11    The Clerk of Court shall close the file.

12    **IT IS SO ORDERED.**

13  DATED:  June 19, 2010

16  HON. LARRY ALAN BURNS
   United States District Judge