UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAY G. KIMPEL,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS, et al.,<br><br>　　　　　　Defendants. | Case No. 08CV1734-LAB(JMA)<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL [Doc. No. 69]** |

On June 7, 2012, nunc pro tunc May 23, 2012, Plaintiff Jay G. Kimpel, who is proceeding *pro se* and *in forma pauperis* ("IFP") pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1915(a), filed a motion for appointment of counsel. [Doc. No. 69.] For the reasons set forth below, Plaintiff's motion is **DENIED**.

"[T]here is no absolute right to counsel in civil proceedings." Hedges v. Resolution Trust Corp., 32 F.3d 1360, 1363 (9th Cir. 1994) (citation omitted). District courts have discretion, however, pursuant to 28 U.S.C. § 1915(e)(1), to appoint counsel for indigent civil litigants upon a showing of "exceptional circumstances." See Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991). "A finding of exceptional circumstances requires an evaluation of both 'the likelihood of success on the merits and the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." Neither of these factors is dispositive and both must be viewed together

before reaching a decision.'" Id. (citations omitted).

Here, the facts alleged in the Second Amended Complaint are not complex and Plaintiff has demonstrated an ability to articulate the factual and legal bases of his claim with sufficient clarity and to litigate his claim on his own behalf.  Based on the information currently before the Court, it is clear that Plaintiff has the competence necessary to pursue his case.  Without more, this Court cannot conclude that there are "exceptional circumstances" which would warrant the appointment of counsel in Plaintiff's case.  Nor has Plaintiff submitted anything which would suggest he is likely to succeed on the merits or that it would be in the interests of justice for counsel to be appointed in his case.

Based on the foregoing, the Court **DENIES** Plaintiff's motion for appointment of counsel without prejudice.

**IT IS SO ORDERED**.

DATED:  August 24, 2012

_____
Jan M. Adler
U.S. Magistrate Judge